**GREENBERG TRAURIG, LLP**
Ian C. Ballon (SBN 141819)
Ballon@gtlaw.com
Robert J. Herrington (SBN 234417)
HerringtonR@gtlaw.com
Rebekah S. Guyon (SBN 291037)
GuyonR@gtlaw.com
1840 Century Park East, 19th Floor
Los Angeles, CA 90067-2121
Tel: 310-586-7700
Fax: 310-586-7800

Attorneys for Defendant
GLASSDOOR, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| MELISSA LEVINE, individually and on behalf of herself and all others similarly situated,<br><br>       Plaintiffs,<br><br>vs.<br><br>GLASSDOOR, INC., a Delaware Corporation, and DOES 1-20, inclusive,<br><br>       Defendants. | CASE NO. 2:16-cv-05696-FMO-JEM<br><br>**DEFENDANT GLASSDOOR, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(1) & 12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[Request for Judicial Notice Filed Concurrently]<br><br>Hearing Date: November 3, 2016<br>Time: 10:00 a.m.<br>Room: Courtroom 22<br>       5th Floor<br><br>Hon. Fernando M. Olguin |

## NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on November 3, 2016, at 10:00 a.m., in Courtroom 22 of the above-captioned Court, located at 312 North Spring Street, Los Angeles, California, defendant Glassdoor, Inc. ("Glassdoor") respectfully moves for an order dismissing plaintiff Melissa Levine's Complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(1) for lack of standing and pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

Levine has not alleged facts that establish her standing to sue. She has failed to allege that Glassdoor's inadvertent inclusion of her email address in the "to" rather than "bcc" line of a private email to 999 other Glassdoor members caused her an injury in fact—nor could she do so. Levine has not alleged (and cannot allege) that Glassdoor revealed her identity to any other person. To the contrary, it is entirely implausible that Glassdoor revealed her identity. Levine's email address is provided by a popular free email service, and includes her name and a high three-digit number. However, there are 330 "Melissa Levine"'s in the United States alone—without knowing her city or employer or other details the disclosure of just her email address does not reveal who she is. Her free, public email service has between 500 million and 1 billion users and maintains user confidentiality. No one—including the other recipients of the email message—had any way of knowing who she was until she filed this lawsuit and started issuing press releases about it. Any harm that Levine has suffered from disclosing her identity as a Glassdoor member is not, therefore, "fairly traceable" to Glassdoor's conduct, as opposed to Levine's decision to publicize her identity and employment since filing this lawsuit. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). Levine's alleged fear of future repercussions to her as a result of Glassdoor's inclusion of her email address in the "to" field is not an injury in fact, because Levine has not alleged (nor can she allege) any facts demonstrating that a future harm to her is "certainly impending." *Clapper v. Amnesty Int'l*, 133 S. Ct. 1138, 1147 (2013). Her claims should

be dismissed in their entirety under Fed. R. Civ. P. 12(b)(1). This case involved a single email message revealing her pseudonymous email address to a limited group of recipients. But for this lawsuit, it is unlikely that anyone else would even have known about Levine or been able to trace her email address to her.

Levine also has failed to state a claim against Glassdoor for several reasons.

As set forth in section III.B.1 of Glassdoor's Memorandum of Points and Authorities, the Stored Communications Act, 18 U.S.C. §§ 2701 *et seq.* only creates a cause of action for the knowing or intentional disclosure of the *contents* of a communication. Case law is clear that an email address is non-content data. Moreover, Levine has not alleged, nor could she allege, facts showing that Glassdoor's disclosure was intentional.

As set forth in section III.B.2, Levine does not have statutory standing to sue under California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.* because she has not alleged (and cannot allege) that Glassdoor's conduct caused her to lose any "money or property," as § 17204 requires. Levine's claim for fraudulent conduct under § 17200 should be dismissed because Levine has not alleged (nor could she allege) that Glassdoor intended to not perform under its privacy policy.

As set forth in section III.B.3, Levine has not stated a claim for public disclosure of private facts because the one-time inclusion of her pseudonymous email address in the "to" line of a private email message, rather than in the "bcc" line, neither disclosed who she was nor constituted a disclosure to the public at large.

As set forth in section III.B.4, Levine's claim for negligence is barred by the economic loss doctrine because she alleges no conduct by Glassdoor that is independent of her claim for alleged breach of contract. Levine's conclusory allegations of emotional distress also are insufficient to state a claim for negligent infliction of emotional distress.

As set forth in sections III.B.5 and III.B.6, Levine fails to state a claim for breach of an implied contract and unjust enrichment because these claims are duplicative of and therefore subsumed by her claim for breach of an express contract.

Finally, as set forth in sections III.B.6 and III.B.7, Levine's claims for unjust enrichment and injunctive must be dismissed because they are not stand alone causes of action under California law.

Levine's Complaint therefore should be dismissed in its entirety.

This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, all pleadings and files in this matter, Exhibits 1-18 attached to Glassdoor's Request for Judicial Notice, and upon such other and further oral or documentary evidence as may be presented to the Court at or prior to the hearing on this Motion.

This Motion is made following the conference of counsel pursuant to Central District of California Local Rule 7-3. Counsel for Glassdoor contacted counsel for Levine on Tuesday, September 27 to set up a Local Rule 7-3 conference, providing a detailed outline of the arguments raised in this Motion. October 3 was the first day that counsel for Levine was available for a conference. During that conference, the parties discussed the grounds for this Motion, and Levine's counsel indicated that they would oppose the Motion.


DATED: October 6, 2016           GREENBERG TRAURIG, LLP


                        By:      _____/s/ Ian C. Ballon_____
                                 IAN C. BALLON
                                 Attorneys for Defendant
                                 GLASSDOOR, INC.

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ...................................................................................... 1

II.   FACTUAL BACKGROUND....................................................................... 3

    A.    Glassdoor ......................................................................................... 3
    B.    The July 22, 2016 Email ................................................................. 4
    C.    Plaintiff's Lawsuit .......................................................................... 4

III.  ARGUMENT ............................................................................................. 7

    A.    The Complaint Should Be Dismissed In Its Entirety Because Levine
        Has Not Established Injury. ............................................................. 7

        1.    Levine Has Not Alleged An Injury-In-Fact......................... 8

                a.    Levine Has Not Alleged That Glassdoor Caused Any
                    Harm That Is Fairly Traceable To The July 22, 2016
                    Email. ....................................................................... 8
                b.    Levine's Alleged Future Harm Is Not "Certainly
                    Impending." ............................................................. 9
                c.    Plaintiff's Emotional Distress Allegations Are
                    Implausible And Unsupported................................. 12

        2.    Levine Does Not Have Standing To Seek Injunctive Relief
            Because She Has Not Alleged That Glassdoor Is Likely To
            Injure Her In The Future. .................................................... 15

    B.    Levine's Claims Should Be Dismissed Under Fed. R. Civ. P. 12(b)(6)....... 16

        1.    Levine Has No Claim Under The Stored Communications Act. ....... 16

                a.    Glassdoor Did Not Disclose "Contents" Of A
                    Communication................................................................17
                b.    Levine Cannot Allege That Glassdoor Knowingly Or
                    Intentionally Disclosed Her Email Address. ................17

        2.    Levine Has No UCL Claim Because Does Not Allege The Loss
            of Any Money or Property And She Does Not Allege
            Fraudulent Conduct............................................................18
        3.    Levine Fails To State A Claim For Public Disclosure Of Private
            Facts. ................................................................................... 19

4.      Levine Fails To State A Claim For Negligence..................................20

        a.      Levine's Claim Is Barred By The Economic Loss
                Doctrine. ........................................................................20
        b.      Levine Has Not Alleged "Serious" Emotional Distress...........22

5.      Levine's Claim For Breach Of Implied Contract Is Duplicative
        Of Her Claim For Breach Of Contract..............................................22
6.      Levine Fails To State A Claim For Unjust Enrichment Because
        It Is Not An Independent Cause Of Action And Is Duplicative
        Of Her Breach Of Contract Claim. .................................................23
7.      Injunctive Relief Is Not An Independent Cause Of Action...............24

IV.     CONCLUSION..................................................................................24

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Antman v. Uber Techs., Inc.*,
  No. 3:15-cv-01175-LB, 2015 WL 6123054 (N.D. Cal. Oct. 19, 2015) ...........11, 13, 16

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009).................................................................................................16

*Astiana v. Hain Celestial Grp., Inc.*,
  783 F. 3d 753 (9th Cir. 2015) ..................................................................................23

*Attias v. CareFirst, Inc.*,
  __ F. Supp. 3d __, 2016 WL 4250232 (D.D.C. Aug. 10, 2016) .................8, 10, 11, 12

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)..................................................................................15, 16, 20

*Benefield v. Bryco Funding, Inc.*,
  No. C 14-1459 PJH, 2014 WL 2604363 (N.D. Cal. June 10, 2014)...........................24

*Bioriginal Food & Science Corp. v. Biotab Nutraceuticals Inc.*,
  No. CV 13-5704 CAS (Ex), 2013 WL 6572573 (C.D. Cal. Dec. 13,
  2013) ......................................................................................................................19

*Blantz v. Cal. Dept. of Corrs. & Rehab.*,
  727 F.3d 917 (9th Cir. 2013) ...................................................................................16

*Bullard v. Wastequip, Inc.*,
  No. CV 14-01309 MMM (SSX), 2014 WL 10987394 (C.D. Cal.
  Sept. 11, 2014) .......................................................................................................19

*Cahen v. Toyota Motor Corp.*,
  147 F. Supp. 3d 955 (N.D. Cal. 2015).............................................................9, 10, 11

*Chambliss v. CareFirst, Inc.*,
  __ F. Supp. 3d __, 2016 WL 3055299 (D. Md. May 27, 2016) .................................10

*City of Los Angeles v. Lyons*,
  461 U.S. 95 (1983)..................................................................................................15

*Clapper v. Amnesty Int'l*,
  133 S. Ct. 1138 (2013)..........................................................2, 7, 9, 10, 11, 12, 13, 15

*In re ConAgra Foods Inc.*,
  908 F. Supp. 2d 1090 (C.D. Cal. 2012) ....................................................................23

*In re Facebook Privacy Litig.*,
  791 F. Supp. 2d 705 (N.D. Cal. 2011) ................................................. 18

*Free Kick Master LLC v. Apple Inc.*,
  140 F. Supp. 3d 975 (N.D. Cal. 2015) ................................................. 24

*Frezza v. Google Inc.*,
  No. 5:12-cv-00237-RMW, 2012 WL 5877587 (N.D. Cal. Nov. 20, 2012) ................. 24

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*,
  528 U.S. 167 (2000) ................................................................. 15

*In re iPhone Application Litig.*,
  844 F. Supp. 2d 1040 (N.D. Cal. 2012) ............................................... 21

*Kalitta Air, L.L.C. v. Cent. Tex. Airborne Sys., Inc.*,
  315 F. App'x 603 (9th Cir. 2008) ............................................... 20, 21

*Krottner v. Starbucks Corp.*,
  628 F.3d 1139 (9th Cir. 2010) ................................................. 10, 13

*Laird v. Tatum*,
  408 U.S. 1 (1972) ................................................................... 13

*Long v. Insight Commc'ns of Cent. Ohio, LLC*,
  804 F.3d 791 (6th Cir. 2015) ........................................................ 18

*Low v. LinkedIn Corp.*,
  No. 11-CV-01468-LHK, 2011 WL 5509848 (N.D. Cal. Nov. 11, 2011) .............. 13, 14

*Lujan v. Defenders of Wildlife*,
  504 U.S. 555 (1992) ............................................................ 7, 8, 15

*Luman v. Theismann*,
  647 F. App'x 804 (9th Cir. 2016) .................................................... 15

*Mitan v. Feeney*,
  497 F. Supp. 2d 1113 (C.D. Cal. 2007) ............................................... 22

*Mkt. Trading, Inc. v. AT & T Mobility, LLC*,
  388 F. App'x 707 (9th Cir. 2010) .................................................... 14

*Munns v. Kerry*,
  782 F.3d 402 (9th Cir. 2015) ........................................................ 15

*Norkunas v. Wynn Las Vegas, LLC*,
  343 F. App'x 269 (9th Cir. 2009) .................................................. 7, 14

*Opperman v. Path, Inc.*,
  87 F. Supp. 3d 1018 (N.D. Cal. 2014) ................................................ 21

iv

*Patton v. Experian Data Corp.*,
  No. SACV 15-1871 JVS (PLAx), 2016 WL 2626801 (C.D. Cal. May 6,
  2016) ................................................................................................10, 11, 12, 13

*Peters v. St. Joseph Servs. Corp.*,
  74 F. Supp. 3d 847 (S.D. Tex. 2015)..........................................................9, 12

*Smith v. Ford Motor Co.*,
  462 F. App'x 660 (9th Cir. 2011) .....................................................................23

*Spokeo, Inc. v. Robins*,
  136 S. Ct. 1540 (2016) .................................................................................7, 8

*Steel Co. v. Citizens for a Better Env't*,
  523 U.S. 83 (1998) ...............................................................................................8

*Svenson v. Google Inc.*,
  65 F. Supp. 3d 717 (N.D. Cal. 2014) ...............................................17, 22, 23

*Svenson v. Google Inc.*,
  No. 13-cv-04080-BLF, 2015 WL 1503429 (N.D. Cal. Apr. 1, 2015)....................2, 17

*UMG Recordings, Inc. v. Global Eagle Entm't, Inc.*,
  117 F. Supp. 3d 1092 (C.D. Cal. 2015) ..........................................................21

**State Cases**

*Behnke v. State Farm Gen. Ins. Co.*,
  196 Cal. App. 4th 1443 (2011) ........................................................................19

*Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*,
  222 Cal. App. 3d 1371 (1990) .........................................................................22

*Hill v. NCAA*,
  7 Cal. 4th 1 (1994) ..............................................................................................20

*J'Aire Corp. v. Gregory*,
  24 Cal. 3d 799 (1979) .......................................................................................21

*Klein v. Chevron U.S.A., Inc.*,
  202 Cal. App. 4th 1342 (2012) ........................................................................23

*McDowell v. Watson*,
  59 Cal. App. 4th 1155 (1997) ..........................................................................24

*Molien v. Kaiser Found. Hosps.*,
  27 Cal. 3d 916 (1980) .......................................................................................22

*Porten v. Univ. of S.F.*,
  64 Cal. App. 3d 825 (1976) ..........................................................................3, 20

*Riverisland Cold Storage, Inc. v. Fresno-Madera Prod. Credit Ass'n*,
   55 Cal. 4th 1169 (2013) .................................................................19

*Shulman v. Group W Prods., Inc.*,
   18 Cal. 4th 200 (1998) ...................................................................19

*Sipple v. Chronicle Publ'g Co.*,
   154 Cal. App. 3d 1040 (1984) ...................................................19, 20

*Wong v. Tai Jing*,
   189 Cal. App. 4th 1354 (2010) .......................................................22

**Federal Statutes**

18 U.S.C. § 2510 .................................................................................17

18 U.S.C. § 2510(8) .............................................................................17

18 U.S.C. § 2702 .................................................................................17

18 U.S.C. § 2702(a) ..........................................................................2, 18

18 U.S.C. § 2702(a)(1) .........................................................................16

18 U.S.C. § 2707(a) .............................................................................16

18 U.S.C. § 2711(1) .............................................................................17

**State Statutes**

California Business & Professions Code § 17204 ..............................2, 18

**Rules**

Federal Rules of Civil Procedure, Rule 12(b)(6) ..............................2, 16

**Constitutional Provisions**

U.S. Constitution, Article III.................................................................7

**Other Authorities**

*Glossary: Pseudonymous Data*, IAAP.ORG,
   https://iapp.org/resources/glossary/#paperwork-reduction-act (last visited
   Oct. 5, 2016) ....................................................................................1

S. REP. 99-541, 1986 U.S.C.C.A.N. 3555 ..........................................18

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

This lawsuit is about the inadvertent inclusion of plaintiff's pseudonymous[1] email address in the "to" line, rather than "bcc" line, of a private email message to 999 other members of Glassdoor about updates to a Terms of Use agreement. Glassdoor discovered the error quickly, and this was the only email that went out with plaintiff's email address in the "to" line. This lawsuit is brought over this one, single email message. Within ten days of receiving this email, plaintiff filed this lawsuit, publicly identifying herself as a Glassdoor member. Her counsel also has done media interviews about the lawsuit, providing additional details about plaintiff Melissa Levine's status as a Glassdoor member, as well as her employment history.

Despite these self-disclosures, Levine has asserted a variety of claims against Glassdoor, claiming that she fears possible adverse action by her employer as a result of the inclusion of her email address in the "to" line of a single message sent to 999 other Glassdoor members. But for her filing this lawsuit and alerting the press, it is not plausible that anyone would have known that she was a Glassdoor member based on the pseudonymous email address included in one limited-circulation email or that any of the other recipients would have had an incentive to try to de-anonymize her email address to figure out who she was. Nor does she allege that anyone tried to do so.

When she signed up for Glassdoor, Levine agreed to a Terms of Use agreement that requires individual arbitration of her claims. Glassdoor has filed a motion to compel arbitration based on that agreement (ECF No. 18). Glassdoor believes that all of plaintiff's claims are subject to arbitration. Nevertheless, to the extent any of her claims

---

[1]   We use the word "pseudonymous" as it is commonly used by privacy professionals to identify a user ID that acts like a pseudonym and could be de-anonymized if other information was provided that identifies a specific individual.  *See Glossary: Pseudonymous Data*, IAAP.ORG, https://iapp.org/resources/glossary/#paperwork-reduction-act (last visited Oct. 5, 2016).

are not sent to arbitration, Glassdoor respectfully requests that those claims be dismissed for the following reasons:

**First**, Levine has failed to allege facts that establish standing to sue. Levine does not allege that she has suffered any harm as a result of the inclusion of her pseudonymous email address in the "to" line of a single, limited-circulation email message. Rather, she points to the implausibility possibility of future harm—namely, that an employer or co-worker could learn of Levine's Glassdoor membership, somehow identify one of her anonymous posts, and take some negative action, even though she offers no basis to believe any co-workers or actual or potential employers were recipients of this single private email message or that any of the other recipients would have had any incentive to figure out who she, among the other 999 recipients, might be. These types of speculative injuries based on hypothetical future events do not confer standing. *See Clapper v. Amnesty Int'l*, 133 S. Ct. 1138, 1147 (2013). All of Levine's claims should be dismissed.

**Second**, Levine's claims also should be dismissed under Fed. R. Civ. P. 12(b)(6):

***Stored Communications Act.*** Levine fails to state a claim under the Stored Communications Act, which creates a cause of action for the knowing or intentional disclosure of the "contents" of a communication, not non-content record information such as a person's email address. *Svenson v. Google Inc.*, No. 13-cv-04080-BLF, 2015 WL 1503429, at *7-8 (N.D. Cal. Apr. 1, 2015). Levine cannot allege that Glassdoor disclosed the contents of a communication, and Levine acknowledges that the disclosure was inadvertent, which precludes her from showing that the disclosure was knowing or intentional, requisites for stating a claim. *See* 18 U.S.C. § 2702(a).

***Unfair Competition.*** Levine cannot assert any claim under California's Unfair Competition Law (UCL), because she has not alleged—and cannot allege—any loss of "money or property," as required by Cal. Bus & Prof. Code § 17204. Levine also cannot establish any claim under the UCL's fraud prong because her allegations sound in promissory fraud, and she does not allege (nor can she allege) that Glassdoor intended to

breach its privacy policy when Levine joined Glassdoor. To the contrary, Levine alleges that Glassdoor did not intend to reveal her email address.

***Public Disclosure of Private Fact.*** Levine fails to state a claim for public disclosure of private facts because there is no legal basis for asserting that the inclusion of a pseudonymous email address in the "to" line of a single, limited-distribution email disclosed who she was. In addition, the single email at issue in this case does not constitute a disclosure to the "public at large." *Porten v. Univ. of S.F.*, 64 Cal. App. 3d 825, 828-29 (1976).

***Negligence.*** Levine's negligence claim is barred by the economic loss doctrine because this claim is based on an alleged breach of contract. Further, Levine does not allege facts showing that she has suffered "serious" emotional distress, which is required to state a claim for the negligent infliction of emotional distress.

***Implied Contract and Unjust Enrichment.*** Levine's claims for breach of implied contract and unjust enrichment fail because they are potential remedies for breach of contract, not separate claims, and are duplicative of Levine's claim for breach of an express contract.

***Injunctive Relief***. Levine's claim for injunctive relief fails because it is not an independent cause of action under California law.

## II.   <u>FACTUAL BACKGROUND</u>

**A.   <u>Glassdoor</u>**

Glassdoor.com is a website "where employees and former employees can anonymously review companies and their management." (Compl. ¶ 16.) Glassdoor "has over 30 million users from 190 countries." (Compl. ¶ 17.) To become a Glassdoor user, an individual is required to provide a valid email address and a password. (*See* Request for Judicial Notice ("RJN"), Ex. 1 ¶ 2(A).) There is no requirement, however, that users provide their real names. New members receive ten days of unlimited access to all Glassdoor salary and benefit information, reviews, and interviews. (RJN, Ex. 2.) After ten days, a member can receive unlimited access for twelve months by posting "an

anonymous salary, company review, benefits or interview experience of [his or her] own." (*Id.*) Glassdoor members are not required to post a review of their workplaces, salaries, or anything else to obtain or retain a Glassdoor membership. (*Cf.* Compl. ¶ 3.) For example, a Glassdoor member may sign up to receive job alerts from Glassdoor without ever posting content to the website. (*See* RJN, Ex. 4.)

"'All contributions submitted to Glassdoor are anonymous to other community members, including employers. Glassdoor does not display [users'] email address, Facebook profile, or any other personal information.'" (Compl.¶ 21; *see* RJN, Ex. 3(same).)

**B.   The July 22, 2016 Email**

"On July 22, 2016, Glassdoor sent an email out to its members updating its Terms of Use." (Compl. ¶ 22.) The email went to "multiple sets of users 1,000 at a time," allegedly 600 times. (*Id.* ¶ 23.) Plaintiff alleges that Glassdoor did not blind copy each member when it sent the emails, meaning that a recipient theoretically "was able to see the email addresses of 999 other Glassdoor members." (*Id.* ¶ 24.) Following its quick discovery, Glassdoor stopped sending the emails and informed recipients that it was "'extremely sorry for this error. We take the privacy of our users very seriously and we know this is not what is expected of us. It certainly isn't how we intend to operate.'" (*Id.* ¶ 25.)

**C.   Plaintiff's Lawsuit**

Levine alleges that, on or about July 22, 2016, her email address was revealed to 999 other Glassdoor members in one such update email. (*Id.* ¶ 74.) Ten days later, on August 1, she filed her Complaint in this case. Although she claims to be very concerned about keeping her Glassdoor membership secret, Levine did not seek to file her Complaint anonymously.

In her Complaint, Levine identifies herself as a Glassdoor member and alleges that an employer or co-worker "familiar with her work history will in all likelihood be able to determine the origin" of Levine's reviews, although she does not explain how, and the

4

assertion, no its face, is implausible. (*Id.* ¶ 49.) Levine also does not allege any reason why any of the other 999 recipients of the email would investigate who the other recipients are. (*See* Compl. ¶ 18.) The email address allegedly belonging to Levine is not from an employer-owned domain. Levine's email address is provided by a popular free email service, and includes her name and a high three-digit number. Free, public email services, like the service that provided Levine's email address, do not provide user directories or a reverse-look-up service that identifies account holders by their email addresses alone. (*See, e.g.*, RJN, Ex. 5 at 3-4, Ex. 7 at 4-5, Ex. 8, Ex. 10 at 2.) Further, Levine's email address indicates that there are hundreds of other individuals with nearly identical email addresses from the same service. Popular free, public email services have between 500 million to 1 billion account holders. (*See* RJN, Ex. 6, Ex. 9 at 7, Ex. 11 at 41.) A public records search reveals at least 330 individuals with the name "Melissa Levine," in the United States alone, which does not account for international Glassdoor members. (*See* RJN, Ex. 12.) "Melissa" is the 85th most popular first name in the United States, belonging to an estimated 694,356 individuals. (*See* RJN, Ex. 13.) "Levine" is the 772nd most popular last name in the United States, belonging to an estimated 48,741 individuals. (*See* RJN, Ex. 14.) In no way, therefore, can Levine's email address possibly reveal which of the over 190 million Glassdoor users worldwide it belongs to.[2] (*See* Compl. ¶ 17.) Her allegation that an employer or coworker could somehow identify her reviews from seeing a pseudonymous email address in a single, limited distribution private Glassdoor email to 999 other Glassdoor members is pure conjecture and statistically implausible.

In fact, Levine's Complaint confirms that there would be no way to tie her pseudonymous email address to any posts on Glassdoor. She repeatedly acknowledges that reviews are anonymous and do not disclose any email addresses. (*See id.* ¶¶ 3, 16,

---

[2]    Glassdoor was unable to identify which email address included in a July 22, 2016 email to Glassdoor members belonged to Levine through its own records. Glassdoor only identified Levine's email address when counsel for Glassdoor requested that counsel for Levine confirm certain identifying information after this suit was filed.

18, 21.) When members post content on Glassdoor, they have the option of including their "location and title" with their contribution, and they may later decide to remove that information if they included it with a previous post. (*See* RJN, Ex. 3.) But Levine's pseudonymous email address does not identify where she lives or where she works. Levine's assertion of fear of "potential retaliation and emotional distress over the fear of such retaliation" is entirely speculative and implausible. (Compl. ¶ 34; *see, e.g.*, *id.* ¶ 50) (alleging harm to her "interest in privacy, mental distress in the form of severe anxiety, embarrassment, and fear for [her] job[], and attorneys' fees and the costs of bringing this suit"). Only this court filing and her effort to publicize the lawsuit identify who she is— not the inclusion of her pseudonymous email address in a private email message sent to a limited number of recipients.

Levine also does not allege that she has suffered any retaliation or any repercussions as a result of her email address being included in the "to" line of a single email message. Levine has not alleged (and cannot allege) that anyone has been able to identify her or any of her reviews on Glassdoor based on this single private email (as opposed to the public disclosure of her identity in this lawsuit and related publicity by her lawyers about it).

Since filing this lawsuit, Levine and her counsel have publicized her identity and her membership on Glassdoor. On August 1, 2016, the same day she filed suit, Levine's counsel spoke to TechCrunch regarding her claims in an article identifying Levine as "a Los Angeles-based television researcher . . . ." (RJN, Ex. 15.) A few days later, Levine's counsel further publicized this lawsuit via a tweet proclaiming "Glassdoor Sued For Email Gaffe," with a link to another article covering the lawsuit. (RJN, Ex. 16; Ex. 17.) Levine's counsel's website continues to publicize her lawsuit and offers a link to additional press coverage. (RJN, Ex. 18 at 2.) But for this publicity, even Glassdoor itself would not have known her identity based solely on the pseudonymous email address at issue in this case.

In other words, Levine alleges no facts supporting her contention that her identity was revealed on July 22, 2016.

### III.   ARGUMENT

### A.   The Complaint Should Be Dismissed In Its Entirety Because Levine Has Not Established Injury.

Article III requires that "plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)).[3]

An "injury in fact" requires both a "concrete" and a "particularized" harm, which must be "actual or imminent, not conjectural or hypothetical." *Spokeo*, 136 S. Ct. at 1548. "Although imminence is concededly a somewhat elastic concept, it cannot be stretched beyond its purpose, which is to ensure that the alleged injury is not too speculative for Article III purposes—that the injury is *certainly* impending." *Clapper v. Amnesty Int'l*, 133 S. Ct. 1138, 1147 (2013). "[T]hreatened injury must be certainly impending to constitute injury in fact, and [] allegations of possible future injury are not sufficient." *Id.*

"For an injury to be 'particularized,' it must affect the plaintiff in a personal and individual way." *Spokeo*, 136 S. Ct. at 1548. A "concrete" injury "must be 'de facto'; that is, it must actually exist." *Id.* ("When we have used the adjective 'concrete,' we have meant to convey the usual meaning of the term—'real,' and not 'abstract.'"). A court ruling on a motion to dismiss for lack of subject matter jurisdiction under Article III may consider "evidence challenging the jurisdiction . . . without converting the motion into a summary judgment motion." *Norkunas v. Wynn Las Vegas, LLC*, 343 F. App'x 269, 270 (9th Cir. 2009). The court need not "presume the truthfulness of the plaintiff's allegations" with such a motion. *Id.*

---

[3]      All internal quotations and citations are omitted unless otherwise noted.

**1.      Levine Has Not Alleged An Injury-In-Fact.**

Levine alleges that Glassdoor's alleged inclusion of her pseudonymous email address in the "to" line of a single, private email message sent to 999 other users caused harm to her "interest in privacy, mental distress in the form of severe anxiety, embarrassment, and fear for [her] job[], and attorneys' fees and the costs of bringing this suit." (Compl. ¶¶ 50, 57, 62, 66, 75, 81, 84.) These allegations do not establish standing.

As an initial matter, attorneys' fees and costs incurred in bringing a lawsuit do not establish standing. "Obviously . . . a plaintiff cannot achieve standing to litigate a substantive issue by bringing suit for the cost of bringing suit." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 107 (1998). Nor can Levine establish standing by any of the other harms she alleges, as explained below.

**a.      Levine Has Not Alleged That Glassdoor Caused Any Harm That Is Fairly Traceable To The July 22, 2016 Email.**

To establish standing, Levine must allege facts showing that any harm is "fairly traceable" to Glassdoor including her email address in the "to" line of a single email sent to 999 other member. *See Spokeo*, 136 S. Ct. at 1547 (citing *Lujan*, 504 U.S. at 560-61). In *Attias v. CareFirst, Inc.*, __ F. Supp. 3d __, 2016 WL 4250232 (D.D.C. Aug. 10, 2016), the court held that a plaintiff's alleged injury in the form of tax return fraud was not fairly traceable to a theft of his personal information, because that information could not have been used to file a fraudulent tax return on his behalf. In that case, the plaintiff's name, birth date, email address, and insurance subscriber identification number were stolen, but this information could not have allowed anybody to falsify his tax return, because a social security number or taxpayer ID—which were not compromised—are necessary to file a return. *Attias*, 2016 WL 4250232, at *1, *4.

As in *Attias*, Levine has not alleged facts establishing the connection between Glassdoor's July 22, 2016 email and any alleged harm. Levine contends that Glassdoor's email harmed her "interest in privacy," but she does not allege facts establishing that her identity was disclosed. (*E.g.*, Compl. ¶¶ 28, 50.) Rather, Levine alleges only that

Glassdoor included her email address in a single email to 999 other Glassdoor members. (*See, e.g.*, Compl. ¶¶ 23, 28, 30.) Levine does not allege that any person could have uncovered her identity as a Glassdoor member—as opposed to one of the hundreds or possibly thousands of other Melissa Levines in the world or with a potentially identical email addresses—simply by viewing her email address. Indeed, such an allegation is entirely implausible because free, public email services do not disclose the identity of their millions or billions of users to private individuals. (*See* RJN, Ex. 5 at 3-4, Ex. 7 at 4-5, Ex. 10 at 2, Ex. 6, Ex. 9 at 7, Ex. 11 at 41.) And she ignores that she disclosed her identity as a Glassdoor member—as well as her city and state of residence and details about her employment history—in filing this lawsuit and giving media interviews. Thus, any "harm" Levine claims is not "fairly traceable" to Glassdoor's July 22, 2016 email and is more likely the result of her own conduct. *See Clapper*, 133 S. Ct. at 1152 (claim that government surveillance caused harm in the form of costly counter surveillance was properly dismissed for lack of standing where plaintiffs' incentive to undertake the countermeasures existed independent of any government conduct).[4]

### b.  Levine's Alleged Future Harm Is Not "Certainly Impending."

Levine's alleged injury in the form of possible future retaliation is entirely hypothetical. (Compl. ¶ 49.) Levine's pseudonymous email address was revealed in a single, limited, private email sent to other Glassdoor members, and Levine has not alleged (and cannot allege) any plausible grounds for believing that anybody could de-anonymize her email address based on the information in Glassdoor's July 22, 2016

---

[4]     *Accord Cahen v. Toyota Motor Corp.*, 147 F. Supp. 3d 955, 973 n.5 (N.D. Cal. 2015) (plaintiffs lacked standing to sue for the alleged failure to securely transmit their data to third-parties, where the plaintiffs failed to allege "how such transmission would result in unknown malicious parties" accessing and using the information to harm plaintiffs); *Peters v. St. Joseph Servs. Corp.*, 74 F. Supp. 3d 847, 854 (S.D. Tex. 2015) (allegedly unauthorized credit card charges, attempted access of a plaintiff's Amazon.com account, telephone solicitations, and spam email and mail were not injuries "fairly traceable" to alleged disclosure of plaintiff's personal information where it was "impossible to determine whether the misused information was obtained from exposure caused by" a breach or "from some other source").

9

email. Any alleged harm from a "possible future injury" to Levine's employment by an "independent decisionmaker" is not "certainly impending" and does not create standing. *Clapper*, 133 S. Ct. at 1147, 1148.

For example, in *Cahen v. Toyota Motor Corp.*, 147 F. Supp. 3d 955 (N.D. Cal. 2015), the court held that plaintiffs' alleged "risk of future identity theft" based on Toyota Motor Corp.'s collection of the geographic location of their vehicles and transmission of that information to a third-party was not "certainly impending." *Cahen*, 147 F. Supp. 3d at 973. The court held that it was "not apparent how the purposeful disclosure of such data to a third party [] would establish any credible risk of future harm," and the plaintiffs had not alleged any "breach or data compromise." *Id.*

Similarly, in *Patton v. Experian Data Corp.*, No. SACV 15-1871 JVS (PLAx), 2016 WL 2626801 (C.D. Cal. May 6, 2016), the court held that harm in the form of an allegedly increased risk that the plaintiffs would suffer identity theft was not an injury in fact where the plaintiffs did not allege that "that their personal information was in fact accessed by an identity thief." *Patton*, 2016 WL 2626801, at *4. Rather, any harm depended on a series of facts that were not alleged: 1) that an identity thief accessed their personal information; 2) that an identity thief provided their personal information to any third-parties; and 3) that any person had unlawfully used their personal information stored on Experian's database. *Id.* The court concluded that plaintiffs' fear that their identity would be stolen was not "'credible'" or "'real and immediate.'" *Id.* (citing *Krottner v. Starbucks Corp.*, 628 F.3d 1139, 1140 (9th Cir. 2010)).

Furthermore, in *Attias*, 2016 WL 4250232, the court held that an increased risk of identity theft from a breach of insurance policyholders' personal information was not "'certainly impending'" because the court "would have to assume, at a minimum, that the hackers have the ability to read and understand Plaintiffs' personal information, the intent to 'commit future criminal acts by misusing the information,' and the ability to 'use such information to the detriment of [Plaintiffs]'." *Attias*, 2016 WL 4250232, at *3 (quoting *Chambliss v. CareFirst, Inc.*, ___ F. Supp. 3d ___, 2016 WL 3055299, at *4 (D. Md. May

27, 2016)). Such a theory of harm was "too speculative to satisfy *Clapper*." *Attias*, 2016 WL 4250232, at \*3; *see Clapper*, 133 S. Ct. at 1148 (theory that "relies on a highly attenuated chain of possibilities, does not satisfy the requirement that threatened injury must be certainly impending").[5]

As in these cases, Levine has not alleged "how" Glassdoor sending her pseudonymous email address to 999 other Glassdoor members "would establish any credible risk of future harm." *See Cahen*, 147 F. Supp. 3d at 972. Her email address does not disclose her identity, as opposed to any of the hundreds or thousands of other Melissa Levines in the world. She also does not allege that any "employer or co-worker familiar with her work history" ever saw her email address and knew that it belonged to Levine. Nor could she since, by her own admission, her pseudonymous email address was potentially visible to a limited group of people who (if she is to be believed) would have had every interest in simply closing or deleting the email and would have no incentive at all to start hunting around to try to identify (or de-anonymize) her email address to figure out who she really was, where she lived, and where she worked. (*Cf.* Compl. ¶ 49.) Further, had any person searched for her identity based on her email address, they could not have acquired her identity from the free, public email service that provides her email address, and would have likely needed to hire a private investigator to confirm that Levine, out of millions or billions of other email users, owns her pseudonymous email address. (RJN, Ex. 5 at 3-4, Ex. 7 at 4-5, Ex. 10 at 2.)

Like *Patton* and *Attias*, Levine's theory of harm depends upon an implausible "attenuated chain of possibilities." *Clapper*, 133 S. Ct. at 1148. Levine postulates that: 1) an employer or co-worker may see Glassdoor's email in the future; 2) the employer or co-worker may recognize one of the 1000 addresses as Levine's or hire a private investigator to determine the owner of Levine's email address; 3) the employer or co-

---

[5]    *See also Antman v. Uber Techs., Inc.*, No. 3:15-cv-01175-LB, 2015 WL 6123054 (N.D. Cal. Oct. 19, 2015) (risk that plaintiff's identity may be stolen held insufficient to confer standing based on data breach of name and driver's license number because that information could not, standing alone, be used to steal money or an identity).

worker may be sufficiently familiar with Levine's work history to somehow identify anonymous reviews on Glassdoor and form a belief that a review was posted by Levine; 4) the employer or co-worker may not like an anonymous review that he or she believes Levine posted; 5) and the employer or co-worker may decide to take a negative action. (*See* Compl. ¶ 49.)[6] But the only way any of this could happen is by virtue of Levine's own publication of her real name, city, and state of residence and the industry in which she works through this lawsuit and its related press releases. Her perceived fear of future harm depends upon a "series of assumptions" that are "too speculative to satisfy *Clapper*" and do not establish standing. *See Attias*, 2016 WL 4250232, at *3; *see Patton*, 2016 WL 2626801, at *4.

### c.   Plaintiff's Emotional Distress Allegations Are Implausible And Unsupported.

Plaintiff also tries to show standing by alleging, in conclusory fashion, that she is suffering from anxiety and emotional distress because of some fear of possible future retaliation. (*See, e.g.*, Compl. ¶ 50.) These allegations are insufficient for several reasons.

**First**, the Supreme Court has rejected a similar theory, holding that a "subjective fear" of future events "does not give rise to standing." *Clapper*, 133 S. Ct. at 1152-53. In *Clapper*, the Supreme Court held that the costs of burdensome measures taken to avoid government surveillance was not an injury in fact, because these measures were undertaken out of a fear of "potential future surveillance" that was not "certainly impending." 133 S. Ct. at 1147-52. Whether their communications would ever be intercepted depended upon a "highly attenuated chain of possibilities," and therefore "the

---

[6]   Because Levine did not file suit anonymously, "[i]t may even be impossible to determine whether," if Levine suffers a negative employment action in the future, that negative action resulted from the series of events that Levine speculates may follow from Glassdoor's July 22, 2016 email, or whether a co-worker or employer discovered her Glassdoor membership as a result of Levine filing this suit. *Peters v. St. Joseph Servs. Corp.*, 74 F. Supp. 3d 847, 854 (S.D. Tex. 2015) (holding that risk of future harm was not imminent where it would only result from the actions of independent third parties, not the defendant).

costs that they have incurred to avoid surveillance are simply the product of their fear of surveillance . . . ." *Id.* at 1152. The Supreme Court held that a fear of future harm alone is not "'an adequate substitute for a claim of specific present objective harm or a threat of specific future harm.'" *Id.* (quoting *Laird v. Tatum*, 408 U.S. 1, 13-14 (1972)). And a plaintiff "cannot manufacture standing merely by inflicting harm on [herself] based on [her] fears of hypothetical future harm that is not certainly impending." *Id.* at 1151.

Before *Clapper*, the Ninth Circuit held that, in certain circumstances, a plaintiff's anxiety resulting from a data breach could confer standing. *Krottner*, 628 F.3d at 1142-43. But *Krottner* is distinguishable from this case. In *Krottner*, a laptop containing unencrypted names, addresses, and social security numbers was stolen. *Krottner*, 628 F.3d at 1140. Therefore, the information at issue in *Krottner* was (a) intentionally compromised by a bad actor, likely to do something with it, and was (b) the type of information that could be readily used to identify a person and engage in identity theft or steal money from an account. *See Antman*, 2015 WL 6123054, at *11 (distinguishing *Krottner* on this basis); *see also Patton*, 2016 WL 2626801, at *3-5 ("Under *Krottner*, the plaintiff must show that there is a 'credible,' 'real and immediate' threat of identity theft to establish an injury-in-fact.").

In contrast, Levine merely alleges that her email address was sent to 999 other Glassdoor members. She has not alleged (and cannot allege) any facts showing that anyone has been or would be able to identify her or any of her posts as result of Glassdoor's email, or that any of the other recipients of the email would have had an incentive to try to figure out who she was and expose her (identifying themselves, in the process). Rather, she asks this Court to indulge a series of implausible assumptions that follow "a speculative chain of possibilities," which is insufficient. *See Clapper*, 133 S. Ct. at 1147-52 (costs incurred allegedly protecting against future threat that was not "certainly impending" did not constitute injury in fact).

In *Low v. LinkedIn Corp.*, No. 11-CV-01468-LHK, 2011 WL 5509848 (N.D. Cal. Nov. 11, 2011), the court held that a plaintiff lacked standing to sue for the alleged

13

1 | disclosure of his anonymous LinkedIn ID and browsing history, notwithstanding
2 | allegations that the disclosure caused him embarrassment and humiliation. Similar to
3 | Levine, the plaintiff in *Low* did not allege that "his browsing history, with embarrassing
4 | details of his personal browsing patterns, was actually linked to his identity by LinkedIn
5 | and actually transmitted to any third parties," nor had he alleged "*how* third party
6 | advertisers would be able to infer Low's personal identity from LinkedIn's anonymous
7 | user ID combined with his browsing history." *Low*, 2011 WL 5509848, at *3 (emphasis
8 | in original). Thus, his emotional injuries were not "particularized," and his claims of
9 | future harm were too "theoretical to support injury-in-fact . . . ." *Id.* at *3-4. As in *Low*,
10 | Levine cannot establish standing by alleging anxiety or mental distress because whether
11 | any employer "*may*" learn of her identity and that she has posted a review on Glassdoor
12 | is purely hypothetical. *Id.*, at *4 (emphasis in original).

13 | **Second**, Plaintiff's allegations of emotional distress are unsupported and
14 | implausible. The "[C]ourt need not presume the truthfulness of the plaintiff's allegations"
15 | when ruling on a challenge to its subject matter jurisdiction. *Norkunas*, 343 F. App'x at
16 | 270.

17 | Here, Levine vaguely claims to be suffering anxiety, embarrassment, and fear for
18 | her job, but she does not allege facts to that make these alleged concerns reasonable,
19 | plausible, or tied to anything for which Glassdoor is responsible. She does not, for
20 | example, allege facts showing that anyone could identify her or her status as a Glassdoor
21 | member based on the inclusion of her pseudonymous email address in the "to" line of a
22 | limited circulation, private email message, because such an assertion would be
23 | implausible. Unless one of the recipients of Glassdoor's July 22, 2016 email hired a
24 | private investigator to determine the owner of her email address, out of the 999 addresses
25 | included in the email, it is entirely implausible that her identity would have been revealed
26 | out of the over 190 million Glassdoor users worldwide and more than 300 Melissa
27 | Levines in the United States alone. (Compl. ¶ 17; RJN, Ex. 5 at 3-4, Ex. 7 at 4-5, Ex. 10
28 | at 2, Ex. 12.) Nor does she allege that anyone could identify one of her "anonymous"

14

posts on Glassdoor and take action against her. *See Mkt. Trading, Inc. v. AT & T Mobility, LLC*, 388 F. App'x 707, 709 (9th Cir. 2010). Indeed, Levine's claims of mental distress are at odds with her own conduct in publicly filing this lawsuit without a Jane Doe designation, and her attorneys' publication of the lawsuit and provision of additional facts regarding Levine's employment history beyond the allegations of the Complaint. (*See* RJN, Exhs. 15-18.) Levine's contradictory conduct regarding her allegedly private Glassdoor membership underscore that her claims of mental distress are either not truthful, or, at a minimum, do not cross "the line from conceivable to plausible." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

> **2. Levine Does Not Have Standing To Seek Injunctive Relief Because She Has Not Alleged That Glassdoor Is Likely To Injure Her In The Future.**

Injunctive relief is "unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again . . . ." *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983). "Past exposure to harmful or illegal conduct does not necessarily confer standing to seek injunctive relief if the plaintiff does not continue to suffer adverse effects. Nor does speculation or 'subject apprehension' about future harm . . . ." *Munns v. Kerry*, 782 F.3d 402, 411 (9th Cir. 2015) (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 184 (2000)) (citing *Lujan*, 504 U.S. at 565). "To maintain standing, [Levine] must show a sufficient likelihood that [she] will be injured by [Glassdoor] again in a similar way and that the future injury can be redressed by injunctive relief." *Luman v. Theismann*, 647 F. App'x 804, 807 (9th Cir. 2016).

Levine alleges no facts that support her claim that Glassdoor will inadvertently disclose her email address in the future. (*See* Compl. ¶¶ 87-91.) Levine offers conclusions regarding Glassdoor's perceived business practices, but she acknowledges that the disclosure of her email address was an "error" and not how Glassdoor "intend[s]" to operate. (Compl. ¶ 25.) As shown (*supra* III.A.1.b), Levine has not alleged that she faces a "real or immediate threat" any future harm. *Munns*, 782 F.3d at 410. Absent

factual allegations supporting her theory that Glassdoor will harm her in the future,
Levine does not have standing to seek injunctive relief. *See id.*; *Clapper*, 133 S. Ct. at
1150-52 (plaintiffs lack standing to sue for injunctive relief where potential future harm
is not certainly impending); *Antman*, 2015 WL 6123054, at *10-11 (dismissing injunctive
relief because plaintiff did not allege that threat of identity theft was real or immediate).

**B.   Levine's Claims Should Be Dismissed Under Fed. R. Civ. P. 12(b)(6).**

Levine has the burden to plead sufficient facts to show that her claims are plausible
and that she is entitled to the relief sought. *Twombly*, 550 U.S. at 556.  A court considers
the well-pleaded allegations of the complaint and judicially-noticed facts. *Blantz v. Cal.
Dept. of Corrs. & Rehab.*, 727 F.3d 917, 922 (9th Cir. 2013). The "plaintiff's obligation
to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and
conclusions, and a formulaic recitation of the elements of a cause of action will not do . .
. . Factual allegations must be enough to raise a right to relief above the speculative level
. . . ." *Twombly*, 550 U.S. at 555. A cause of action will not survive a Rule 12(b)(6)
motion to dismiss (i) on the basis of conclusory statements or (ii) where the claim lacks
facial plausibility. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). Even if the factual
averments are consistent with a claim for relief, the claim must be dismissed if the facts
are equally consistent with a finding that no wrongdoing occurred. *Iqbal*, 556 U.S. at
679. "Threadbare recitals of the elements of a cause of action, supported by mere
conclusory statements, do not suffice." *Id.* at 678.

**1.     Levine Has No Claim Under The Stored Communications Act.**

Title II of the Electronic Communications Privacy Act ("ECPA"), known as the
Stored Communications Act, prohibits the knowing disclosure of "the contents of a
communication while in electronic storage by that service." 18 U.S.C. § 2702(a)(1). The
Stored Communications Act ("SCA") creates a private cause of action for a "knowing or
intentional" violation of the statute. 18 U.S.C. § 2707(a). Levine alleges that Glassdoor
violated the SCA when it allegedly revealed her email address to 999 other Glassdoor
members without her consent. (Compl. ¶¶ 40-49.) This claim should be dismissed

16

1   because: 1) Levine's email address is not the "contents of a communication" under the

2   SCA; and 2) Levine has not plausibly alleged that Glassdoor knowingly or intentionally

3   disclosed her email address.

4           **a.   Glassdoor Did Not Disclose "Contents" Of A Communication.**

5           The SCA defines "contents" of a communication as "any information concerning

6   the substance, purport, or meaning of that communication." 18 U.S.C. § 2510(8); *see*

7   18 U.S.C. § 2711(1) (the definitions in § 2510 apply to the SCA). The definition refers to

8   "the intended message conveyed by the communication, and does not include record

9   information regarding the characteristics of the message that is generated in the course of

10  the communication." *Svenson v. Google Inc.*, No. 13-cv-04080-BLF, 2015 WL 1503429,

11  at *7 (N.D. Cal. Apr. 1, 2015); *see* 18 U.S.C. § 2702.[7] Record information generally

12  includes "the name, address, or client ID number of the entity's customers." *Svenson*,

13  2015 WL 1503429, at *7.

14          Levine alleges that Glassdoor violated the SCA by "revealing [her] contact

15  information"—specifically, her email address—to 999 other Glassdoor members. But an

16  email address is not the "contents" of a communication under the SCA. *See Svenson*,

17  2015 WL 1503429, at *7 (dismissing without leave to amend Stored Communications

18  Act claim premised upon the disclosure of an email address); *Svenson v. Google Inc.*, 65

19  F. Supp. 3d 717, 729 (N.D. Cal. 2014) ("The Contact Information at issue in the present

20  case—the user's name, email address . . . —is the type of information that the Ninth

21  Circuit recognized as record information . . . ."). Levine's claim under the SCA must be

22  dismissed with prejudice on this basis alone.

23          **b.   Levine Cannot Allege That Glassdoor Knowingly Or**

24          **Intentionally Disclosed Her Email Address.**

25          Levine's SCA claim also fails because she has not alleged that Glassdoor

26  "knowingly" disclosed any contents of a communication, as § 2702 requires. To the

27  _____

28  [7]    Levine does not allege that Glassdoor disclosed her email address to the
    government.

contrary, Levine does not refute Glassdoor's description of the alleged disclosure of her email address as an "error," and not how Glassdoor "intend[ed] to operate." (Compl. ¶ 25.) Her SCA claim is based solely on Glassdoor's alleged failure "to take commercially reasonable steps to safeguard" her "contact information." (Compl. ¶ 46.)

The SCA only prohibits the knowing disclosure of the contents of a communication, and Congress's inclusion of the "knowingly" requirement was purposeful. "The requirement that a violator must 'knowingly' divulge the contents is intended to make clear that 'reckless' or 'negligent' conduct is not sufficient to constitute a violation of this section." S. REP. 99-541, 36-37, 1986 U.S.C.C.A.N. 3555, 3590-91. Consistent with this Congressional intent, courts applying the SCA regularly dismiss claims that are premised upon a "mistaken disclosure," as here. *See, e.g.*, *Long v. Insight Commc'ns of Cent. Ohio, LLC*, 804 F.3d 791, 796-97 (6th Cir. 2015).

Levine's SCA should be dismissed because she admits that any conduct by Glassdoor was an unintentional error, which Congress expressly stated is "not sufficient to constitute a violation" of § 2702(a). *See* 1986 U.S.C.C.A.N. at 3590-91.

## 2.   Levine Has No UCL Claim Because Does Not Allege The Loss of Any Money or Property And She Does Not Allege Fraudulent Conduct.

The UCL only provides a private cause of action for "a person who has suffered injury in fact and has lost money or property as a result of the unfair competition." Cal. Bus. & Prof. Code § 17204. Levine, however, does not allege the loss of money or property. (*See* Compl. ¶ 57.) Without these allegations, Levine has no UCL claim. *See In re Facebook Privacy Litig.*, 791 F. Supp. 2d 705, 714 (N.D. Cal. 2011) ("Plaintiffs do not allege that they lost money. . . . Plaintiffs allege that Defendant unlawfully shared their 'personally identifiable information' . . . . personal information does not constitute property for purposes of a UCL claim."), *aff'd*, 572 F. App'x 494 (9th Cir. 2014).

Levine's UCL claim should be dismissed for an additional reason. She contends that Glassdoor committed a fraudulent business practice when it failed to "comply with the provisions of Defendant's website privacy policy . . . ." (Compl. ¶¶ 53, 55). But this

claim sounds in "promissory fraud," which requires allegations that: 1) a promise regarding a material fact was made without any intention of performing it; and 2) the promisor's intent not to perform existed at the time the promise was made. *Behnke v. State Farm Gen. Ins. Co.*, 196 Cal. App. 4th 1443, 1453 (2011). Here, Levine does not allege any facts establishing that Glassdoor did not intend to follow its privacy policy when Levine became a member of Glassdoor. *See Riverisland Cold Storage, Inc. v. Fresno-Madera Prod. Credit Ass'n*, 55 Cal. 4th 1169, 1183 (2013) ("Proof of intent not to perform is required. It is insufficient to show an unkept but honest promise, or mere subsequent failure of performance."). To the contrary, Levine repeatedly acknowledges that Glassdoor places importance on maintaining member privacy, and Glassdoor goes to great lengths to keep its members' identities anonymous. (*E.g.*, Compl. ¶¶ 19-21.)

Therefore Levine's claim under the fraud prong of the UCL should be dismissed. *See Bullard v. Wastequip, Inc.*, No. CV 14-01309 MMM (SSX), 2014 WL 10987394, at *7 (C.D. Cal. Sept. 11, 2014) (dismissing claim for promissory fraud for failure to allege intent not to perform); *Bioriginal Food & Science Corp. v. Biotab Nutraceuticals Inc.*, No. CV 13-5704 CAS (Ex), 2013 WL 6572573, at *6 (C.D. Cal. Dec. 13, 2013) (UCL fraud claim must be dismissed where plaintiff fails to state a claim for promissory fraud).

### 3.   Levine Fails To State A Claim For Public Disclosure Of Private Facts.

To state a claim for public disclosure of private facts, Levine must allege facts demonstrating: "(1) public disclosure (2) of a private fact (3) which would be offensive and objectionable to the reasonable person and (4) which is not of legitimate public concern." *Shulman v. Group W Prods., Inc.*, 18 Cal. 4th 200, 214 (1998). Levine has failed to state a claim under this theory.

**First**, Levine has not alleged the disclosure of a "private fact." "[A] crucial ingredient of the tort premised upon invasion of one's privacy is a public disclosure of *private facts* . . . that is, the unwarranted publication of intimate details of one's private life which are outside the realm of legitimate public interest." *Sipple v. Chronicle Publ'g Co.*, 154 Cal. App. 3d 1040, 1047 (1984) (emphasis in original). Levine alleges that

1  Glassdoor sent her email address to other members, but she does not allege that a

2  pseudonymous email address alone is an "intimate detail[]"of Levine's "private life." *Id.*

3  Further, Levine does not allege facts showing that Glassdoor revealed "the fact of" her

4  membership. As shown, the Complaint does not allege that anyone who views

5  Glassdoor's email would be able to identify Levine. (*Cf.* Compl. ¶ 60.)

6      **Second**, Levine has not alleged a public disclosure. "[C]ommon law invasion of

7  privacy by public disclosure of private facts requires that the actionable disclosure be

8  widely published and not confined to a few persons or limited circumstances." *Hill v.*

9  *NCAA*, 7 Cal. 4th 1, 27 (1994). "The disclosure of the private facts must be a public

10  disclosure, and not a private one; there must be, in other words, publicity," and the

11  disclosure "must be accompanied by publicity in the sense of communication to the

12  public in general or to a large number of persons as distinguished from one individual or

13  a few." *Porten v. Univ. of S.F.*, 64 Cal. App. 3d 825, 828-29 (1976). Here, Levine alleges

14  only that Glassdoor sent her email address in a single email to a focused audience of 999

15  other Glassdoor members for the specific purpose of notifying Levine that Glassdoor had

16  updated its Terms of Use. (Compl. ¶¶ 22-24.)[8] Such a disclosure does not amount to wide

17  publication or a communication to "the public in general." *See Porten*, 64 Cal. App. 3d at

18  828 (disclosure to State Scholarship and Loan Commission held not a disclosure "to the

19  public in general or to a large number of persons").

20      **4.    Levine Fails To State A Claim For Negligence.**

21          **a.    Levine's Claim Is Barred By The Economic Loss Doctrine.**

22      "Generally speaking, in actions for negligence, liability is limited to damages for

23  physical injuries and recovery of economic loss is not allowed." *Kalitta Air, L.L.C. v.*

24  ─────────────────────
    [8]      Levine contends at various points in the Complaint that Glassdoor "publicly

25  revealed the email addresses of at least 600,000 members," or Glassdoor revealed email

26  addresses "to the public," or "to all of its members," but these allegations are

27  contradicted by the only fact she alleges—that in one email on July 22, 2016 Glassdoor

28  sent her email address to 999 other Glassdoor members. (Compl. ¶¶ 6-7, 23-24, 55, 80,

    83.) The Court should not accept as true Levine's conclusions that are not supported, or

    contradicted, by factual content. *Twombly*, 550 U.S. at 555.

*Cent. Tex. Airborne Sys., Inc.*, 315 F. App'x 603, 605 (9th Cir. 2008). "The economic loss doctrine . . . bars tort claims based on contract breaches, thereby limiting contracting parties to contract damages." *UMG Recordings, Inc. v. Global Eagle Entm't, Inc.*, 117 F. Supp. 3d 1092, 1103 (C.D. Cal. 2015). "'Purely economic damages to a plaintiff which stem from disappointed expectations from a commercial transaction must be addressed through contract law; negligence is not a viable cause of action for such claims.'" *Opperman v. Path, Inc.*, 87 F. Supp. 3d 1018, 1054-55 (N.D. Cal. 2014) (quoting *In re iPhone Application Litig.*, 844 F. Supp. 2d 1040, 1064 (N.D. Cal. 2012) (holding that "invasions of [users'] privacy" are not "physical harm to person or property" sufficient to satisfy the economic loss doctrine)). "In the absence of (1) personal injury, (2) physical damage to property, (3) a 'special relationship' existing between the parties, or (4) some other common law exception to the rule, recovery of purely economic loss is foreclosed." *Kalitta Air.*, 315 F. App'x at 605 (citing *J'Aire Corp. v. Gregory*, 24 Cal. 3d 799, 803-04 (1979)).

Levine's negligence claim should be dismissed under the economic loss doctrine. She does not allege any personal injury or property damage as a result of Glassdoor's conduct, and she does not allege that she has a "special relationship" with Glassdoor. (*See supra* III.A., III.B.2.) Rather, Levine's negligence claim is based on the same conduct that forms the basis of her contract claim. Levine alleges that she entered into a contract with Glassdoor pursuant to which Levine agreed to provide "an anonymous review, rating, or other post on Defendant's website in exchange for access to Defendant's database of employer information and the guarantee of anonymous membership." (Compl. ¶ 77.) Levine alleges that Glassdoor breached this alleged contract by disclosing her email address to other members. (*Id.* ¶ 80.) Levine recites these same allegations in support of her negligence claim (*Id.* ¶ 65), and she does not allege any distinct damages. (*Id.* ¶ 66.)

Therefore, because Levine has not alleged an "independent duty that was violated" apart from breach of contract, her negligence claim must be dismissed under the

21

1  economic loss doctrine. *UMG Recordings, Inc.*, 117 F. Supp. 3d at 1104-06; *Opperman*,

2  87 F. Supp. 3d at 1055 (dismissing damages claim under economic loss doctrine where

3  plaintiffs alleged no harm to their persons or property).

4       **b.**  **Levine Has Not Alleged "Serious" Emotional Distress.**

5      To recover for negligent infliction of emotional distress "where there is no

6  accompanying personal, physical injury, the plaintiff must show that the emotional

7  distress was 'serious.'" *Wong v. Tai Jing*, 189 Cal. App. 4th 1354, 1377 (2010) (quoting

8  *Molien v. Kaiser Found. Hosps.*, 27 Cal. 3d 916, 927-30 (1980)). This requires a showing

9  that "'a reasonable man, normally constituted, would be unable to adequately cope with

10  the mental stress engendered by the circumstances of the case.'" *Wong*, 189 Cal. App. 4th

11  at 1377-78 (quoting *Molien*, 27 Cal. 3d at 928). Allegations of "severe emotional

12  damage," and that a plaintiff is "very emotionally upset[]," and has an upset stomach

13  "and generalized anxiety" are not sufficient to state a claim for negligent infliction of

14  emotional distress. *Wong*, 189 Cal. App. 4th at 1377.

15      Levine's allegations are nowhere near the threshold required to state a claim for

16  negligent infliction of emotional distress. Levine simply alleges in a conclusory fashion

17  that she has suffered "mental distress in the form of severe anxiety, embarrassment, and

18  fear for [her] job[.]" (Compl. ¶ 66). Such "legal conclusion[s] cast in the form of a factual

19  allegation" lack the factual content necessary to state a claim for relief, and Levine's

20  negligence claim must be dismissed in its entirety. *Mitan v. Feeney*, 497 F. Supp. 2d

21  1113, 1126-27 (C.D. Cal. 2007); *see Wong*, 189 Cal. App. 4th at 1377.

22     **5.**  **Levine's Claim For Breach Of Implied Contract Is Duplicative Of Her**

23        **Claim For Breach Of Contract.**

24      "When the allegations of a claim for breach of the implied covenant 'do not go

25  beyond the statement of a mere contract breach and, relying on the same alleged acts,

26  simply seek the same damages or other relief already claimed in a companion contract

27  cause of action, they may be disregarded as superfluous'" because "'no additional claim

28  is actually stated.'" *Svenson*, 65 F. Supp. 3d at 725 (quoting *Careau & Co. v. Sec. Pac.*

*Bus. Credit, Inc.*, 222 Cal. App. 3d 1371, 1395 (1990)). Levine's claim for breach of implied contract is expressly duplicative of her claim for breach of contract. *Compare* Compl. ¶¶ 68, 74 ("Plaintiff and the putative class members entered into implied contracts with Defendant whereby Plaintiff and the putative class members were to provide an anonymous review on Defendant's website in exchange for access to Defendant's database of employer information and the assurance of anonymous membership"; "Defendant breached the contracts by disclosing . . . the email addresses of Plaintiff and the putative class members . . . ."), *with id.* ¶¶ 77, 80 (same, except for the allegation that an express contract exists). Levine, therefore, cannot state an implied contract claim. *See Svenson*, 65 F. Supp. 3d at 725-26 (dismissing claim for breach of implied covenant that was duplicative of claim for breach of contract).

6.     **<u>Levine Fails To State A Claim For Unjust Enrichment Because It Is Not An Independent Cause Of Action And Is Duplicative Of Her Breach Of Contract Claim.</u>**

The Ninth Circuit has held that "unjust enrichment is not an independent cause of action in California." *Smith v. Ford Motor Co.*, 462 F. App'x 660, 665 (9th Cir. 2011); *see also In re ConAgra Foods Inc.*, 908 F. Supp. 2d 1090, 1114 (C.D. Cal. 2012) (same). Levine's claim for unjust enrichment is not redeemable even if characterized as a "'quasi-contract cause of action'" seeking the return of a benefit "unjustly conferred" "through mistake, fraud, coercion, or request," because California law prohibits Levine from proceeding on a theory of quasi-contract when, as here, she alleges an enforceable contract covering the same subject matter. *Astiana v. Hain Celestial Grp., Inc.*, 783 F. 3d 753, 762 (9th Cir. 2015); *Klein v. Chevron U.S.A., Inc.*, 202 Cal. App. 4th 1342, 1389-90 (2012) (plaintiffs are precluded from asserting a quasi-contract claim where they allege the existence of an enforceable agreement over the same subject matter).

Levine claims that Glassdoor received a "tangible economic benefit" by her "signing up as a member of Glassdoor, sacrificing privacy rights and privileges, consuming advertisements, and posting reviews and ratings of companies, effectively

23

creating the content on which Defendant's profits are based," and that Glassdoor was unjustly enriched by this benefit because it revealed her email address to 999 other Glassdoor members. (Compl. ¶¶ 81, 83.) Levine alleges that the same conduct—her membership with Glassdoor and the terms by which she provided reviews and ratings—are the subject of an express contract with Glassdoor. (Compl. ¶¶ 77-80.) Therefore, Levine's unjust enrichment claim "is simply a reformulation of [her] breach of contract claim" and should be "dismissed as duplicative." *Frezza v. Google Inc.*, No. 5:12-cv-00237-RMW, 2012 WL 5877587, at *3 (N.D. Cal. Nov. 20, 2012) (dismissing claim that Google was unjustly enriched by collecting a fee for an allegedly free trial period because the "plaintiff's theory still relies on Google being contractually bound not to charge plaintiffs for [] the first thirty days").

### 7. Injunctive Relief Is Not An Independent Cause Of Action.

"Injunctive relief is a remedy and not, in itself, a cause of action." *McDowell v. Watson*, 59 Cal. App. 4th 1155, 1159 (1997); *see, e.g.*, *Free Kick Master LLC v. Apple Inc.*, 140 F. Supp. 3d 975, 986 n.1 (N.D. Cal. 2015) (same); *Benefield v. Bryco Funding, Inc.*, No. C 14-1459 PJH, 2014 WL 2604363, at *7 (N.D. Cal. June 10, 2014) (same). Levine's claim for injunctive relief should be dismissed with prejudice. *See Free Kick Master LLC*, 140 F. Supp. 3d at 985-86 & n.1 (dismissing claim for injunctive relief with prejudice); *Benefield*, 2014 WL 2604363, at *7 (same).

### IV. CONCLUSION

For the foregoing reasons, Levine's Complaint should be dismissed in its entirety.

DATED:  October 6, 2016                    GREENBERG TRAURIG, LLP


                                           By:      */s/ Ian C. Ballon*
                                                  IAN C. BALLON
                                                  Attorneys for Defendant
                                                  GLASSDOOR, INC.

24